Mr. Chief Justice Shahkey
delivered the opinion of the court.
This suit was instituted in the lifetime of Breckenridge, the plaintiff’s intestate. The writ was served on the 13th of August, 1833, and was returnable to September term of that year. At the December term Breckenridge’s death was suggested, and a rule taken to serve against his administrators, and a scire facias accordingly issued returnable to March term, at which time a judgment by default was taken.
The first point raised is, that the administrators were improperly made parties by the scire facias, as no suit could be instituted or sustained against them before the expiration of nine months, that time being allowed them by statute to ascertain the *274 condition of the estate. The language of the statute is, that “ no suit or action shall be commenced or sustained until the expiration, &c.” The scire facias was merely issued to bring in the administrators, and was not predicated on any thing that would give it the character of a new action. No judgment had been rendered against the intestate, and even if the estate had been insolvent it would have formed no defence for the administrators* There is another statute which provides that no suit shall abate in consequence of the insolvency of the estate, but shall be prosecuted to final judgment. I do not think the statute under which this objection is raised, can be construed to extend to a scire facias like this, intended merely to notify the administrators. But it is manifest that commencing or prosecuting a suit, before the expiration of the time allowed by law, could only be matter in abatement, as it could not affect the cause of action, and should be pleaded.
The scire facias was only served on one of the defendants, and that I think was a defect, although administrators for many purposes are considered as one. The party not summoned might have denied that she was administratrix, or shown matter in bar of the suit; but there is clearly a defect in the judgment which makes it unnecessary to examine minutely any other point.
The judgment is against the defendants generally, when it should have been against them in their representative capacity to be levied of the goods and chattels of their intestate in their hands. 2 Tidd, 842. For this reason it must be reversed and a venire de novo awarded.